1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                       CENTRAL DISTRICT OF CALIFORNIA
10
11   J.J.G.,                              Case No. 2:20-cv-02355-SHK
12
13   Plaintiff,                           **OPINION AND ORDER**
14                   v.
15   ANDREW SAUL, Commissioner of
     Social Security,
16                               Defendant.
17
18
19        Plaintiff J.J.G.[1] ("Plaintiff") seeks judicial review of the final decision of the
20   Commissioner of the Social Security Administration ("Commissioner," "Agency,"
21   or "Defendant") denying his application for disability insurance benefits ("DIB"),
22   under Title II of the Social Security Act (the "Act").  This Court has jurisdiction
23   under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have
24   consented to the jurisdiction of the undersigned United States Magistrate Judge.
25   For the reasons stated below, the Commissioner's decision is REVERSED and this
26   action is REMANDED for further proceedings consistent with this Order.
27
28   _____

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with
respect to Plaintiff's medical records discussed in this Opinion and Order.

1

## I.   BACKGROUND

2    Plaintiff filed an application for DIB on April 4, 2013, alleging disability

3    beginning on September 30, 2011.  Transcript ("Tr.") 166-69.  Following a denial

4    of benefits, Plaintiff requested a hearing before an administrative law judge

5    ("ALJ") and, on July 7, 2015, ALJ Sharilyn Hopson determined that Plaintiff was

6    not disabled.  Tr. 14-26.  Plaintiff sought review of the ALJ's decision with the

7    Appeals Council ("AC"), however, review was denied, and Plaintiff sought review

8    of the final decision of the Commissioner in this Court on March 28, 2017.  Tr. 1-

9    7, 885-94; see also, J.J.G. v. Nancy A. Berryhill, No. 2:17-cv-02405-SHK (C.D.

10   Cal. Mar. 28, 2017)[2].  On December 11, 2017, the Court remanded the case for

11   further proceedings.[3]  Tr. 889.

12   On February 8, 2019, ALJ Hopson once again denied Plaintiff's DIB

13   application.  Tr. 804-18.  Plaintiff filed exceptions to ALJ Hopson's decision to the

14   AC, which the AC denied on January 21, 2020.  Tr. 787-793.  This appeal

15   followed.

16

## II.   STANDARD OF REVIEW

17   The reviewing court shall affirm the Commissioner's decision if the decision

18   is based on correct legal standards and the legal findings are supported by

19   substantial evidence in the record.  42 U.S.C. § 405(g); Batson v. Comm'r Soc.

20   Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is "more

21   than a mere scintilla.  It means such relevant evidence as a reasonable mind might

22   accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389,

23   401 (1971) (citation and internal quotation marks omitted).  In reviewing the

24

25   [2] The Court also substitutes Plaintiff's initials for Plaintiff's name in the case name.

26   [3] The Court notes that Plaintiff filed a subsequent application for supplemental security income
     ("SSI") while this case was pending in this Court.  See Tr. 1118-23.  The Court, however, omits
27   discussion of Plaintiff's SSI application because it "was granted in another ALJ decision dated
     January 15, 2019 and was not consolidated with the current Title II application" and,
28   consequently, it is not currently before this Court.  Tr. 804.

Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting <u>Batson</u>, 359 F.3d at 1196); <u>see</u> <u>also</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted).  A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." <u>Stout v. Comm'r Soc. Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted).  Finally, a court may not reverse an ALJ's decision if the error is harmless.  <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." <u>Shinseki v. Sanders</u>, 556 U.S. 396, 409 (2009).

## III.   DISCUSSION

### A.   <u>Establishing Disability Under The Act</u>

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

1    <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C.

2    § 423(d)(2)(A)).  "If a claimant meets both requirements, he or she is 'disabled.'"

3    <u>Id.</u>

4          The ALJ employs a five-step sequential evaluation process to determine

5    whether a claimant is disabled within the meaning of the Act.  <u>Bowen v. Yuckert</u>,

6    482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a).  Each step is potentially

7    dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step

8    in the sequence, there is no need to consider subsequent steps."  <u>Tackett</u>, 180 F.3d

9    at 1098; 20 C.F.R. § 404.1520.  The claimant carries the burden of proof at steps

10   one through four, and the Commissioner carries the burden of proof at step five.

11   <u>Tackett</u>, 180 F.3d at 1098.

12         The five steps are:

13         Step 1.  Is the claimant presently working in a substantially
           gainful activity [("SGA")]?  If so, then the claimant is "not disabled"
14         within the meaning of the [] Act and is not entitled to [DIB].  If the
           claimant is not working in a [SGA], then the claimant's case cannot be
15         resolved at step one and the evaluation proceeds to step two.  <u>See</u> 20
           C.F.R. § 404.1520(b).
16
           Step 2.  Is the claimant's impairment severe?  If not, then the
17         claimant is "not disabled" and is not entitled to [DIB].  If the claimant's
           impairment is severe, then the claimant's case cannot be resolved at
18         step two and the evaluation proceeds to step three.  <u>See</u> 20 C.F.R.
           § 404.1520(c).
19
           Step 3.  Does the impairment "meet or equal" one of a list of
20         specific impairments described in the regulations?  If so, the claimant
           is "disabled" and therefore entitled to [DIB].  If the claimant's
21         impairment neither meets nor equals one of the impairments listed in
           the regulations, then the claimant's case cannot be resolved at step three
22         and the evaluation proceeds to step four.  <u>See</u> 20 C.F.R. § 404.1520(d).

23         Step 4.  Is the claimant able to do any work that he or she has
           done in the past?  If so, then the claimant is "not disabled" and is not
24         entitled to [DIB].  If the claimant cannot do any work he or she did in
           the past, then the claimant's case cannot be resolved at step four and

25

26

27

28

4

the evaluation proceeds to the fifth and final step.  <u>See</u> 20 C.F.R. § 404.1520(e).

Step 5.  Is the claimant able to do any other work?  If not, then the claimant is "disabled" and therefore entitled to [DIB].  <u>See</u> 20 C.F.R. § 404.1520(f)(1).  If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do.  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB].  <u>See</u> 20 C.F.R. §§ 404.1520(f), 404.1562.   If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB]. <u>See</u> <u>id.</u>

<u>Id.</u> at 1098-99.

### B.    <u>Summary Of ALJ's Findings</u>

The ALJ determined that "[Plaintiff] met the insured status requirements of the . . . Act on September 30, 2014."  Tr. 806.  The ALJ then found at step one, that "[Plaintiff] did not engaged in [SGA] during the period from his alleged onset date of September 30, 2014 (20 CFR 404.1571 <u>et</u> seq.)."  <u>Id.</u>  At step two, the ALJ found that through the date last insured, "[Plaintiff] had the following severe impairments: status post open reduction of trimaleolar fracture, diabetes mellitus, tendinosis versus tear of left bicep, hepatitis C with liver cirrhosis, neuropathy, status post rotator cuff tear on the left, gout, hypertension, bilateral carpal tunnel syndrome, and borderline obesity (20 CFR 404.1520(c))."  <u>Id.</u>  At step three, the ALJ found that through the date last insured, "[Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)."  Tr. 809.

In preparation for step four, the ALJ found that through the date last insured Plaintiff had the residual functional capacity ("RFC") to:

1
2
3
4
5
6
7

> Lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for 2 hours out of an 8-hour workday; can sit for 6 hours out of an 8-hour workday; requires use of cane to walk outside the work area; can occasionally climb stairs, but cannot climb ladders, ropes and scaffolds; can occasionally push and pull with the left upper extremity; can occasionally balance; cannot stoop, kneel, crouch, and crawl; cannot work at unprotected heights or around moving and dangerous machinery; can frequently operate foot pedals bilaterally; and is limited to occasional handling, fingering, and gripping bilaterally.

8   Id.

9   The ALJ then found, at step four, that "[Plaintiff] was capable of performing
10  [past relevant work ("PRW")] as a sales representative (printing supplies)" because
11  "[t]his work did not require the performance of work-related activities by
12  [Plaintiff's RFC] 20 CFR 404.1565." Tr. 816. Consequently, the ALJ found that
13  Plaintiff "was not under a disability, as defined in the . . . Act, at any time from
14  September 30, 2011, the alleged onset date, through September 30, 2014, the date
15  last insured (20 CFR 404.1520(f))." Tr. 817.

16      **C.    Issue Presented**

17      In this appeal, Plaintiff raises one issue, "[w]hether the ALJ's conclusion
18  that [Plaintiff] could perform [PRW] is supported by substantial evidence." ECF
19  No. 17, Joint Stip. at 5.

20      **D.    Court's Consideration Of Issue Presented**

21          **1.    Plaintiff's Arguments**

22      Plaintiff argues that "[t]he issue is whether the ALJ's conclusion that
23  [Plaintiff] could perform [PRW] as actually performed is supported by substantial
24  evidence, particularly when considering [Plaintiff's] standing and walking
25  limitations as assessed by the ALJ." Id. at 6. Plaintiff asserts that "[i]n
26  determining that [Plaintiff] can do [PRW] as actually performed, the ALJ states
27  that the "'[VE] reasonably relied on the more detailed work history report [from]
28  2013 in categorizing [Plaintiff's] [PRW].'" Id. at 8 (quoting Tr. 817). Plaintiff

argues, however, that "[n]o reasonable reading of the 2013 work history report can result in the determination that [Plaintiff] could perform that type of work as actually performed." Id.

Specifically, Plaintiff argues that "[i]n the 2013 report, Plaintiff reported standing for 2.5 hours, walking for 2.5 hours, and sitting for 2.5 hours – each – in an eight-hour workday at all the jobs which constitute past relevant work." Id. at 9 (citing Tr. 204-09). Plaintiff argues, however, that "[t]he ALJ's [RFC] finding limits [Plaintiff] to standing and/or walking up to two hours in an eight-hour workday[]" and, therefore, "[a]ssuming the ALJ's [RFC] finding means [Plaintiff] can stand for two hours total and walk for two hours, [Plaintiff] would be unable to perform [PRW] as described in the 2013 work history report because [Plaintiff] stated in the report that he stood for 2.5 hours and walked for 2.5 hours each." Id. (citing Tr. 809).

Plaintiff adds that "[t]o the extent the ALJ read the 2013 report to mean [Plaintiff] stood and walked combined total of 2.5 hours, any such reading would be unreasonable[]" because Plaintiff "indicated that he sat for a total of 2.5 hours a day[]" and "[t]hat leaves 5.5 hours remaining in an eight-hour workday." Id. Plaintiff also adds that "[i]f he stood and walked for a combined 2.5 hours total, he is left with approximately three unexplained hours each day[]" and "[r]eading [Plaintiff's] report as he wrote it makes much more sense mathematically[]" because "[i]f he walked 2.5 hours, stood 2.5 hours, and sat 2.5 hours, the combined time of 7.5 hours is reasonably consistent an eight-hour workday minus a break." Id. Plaintiff asserts that "[a]lthough the ALJ found that the [VE] reasonably gave weight to the information in the 2013 report, the [VE's] testimony was inconsistent with the information in the report" and, therefore, "[t]he ALJ's decision lacks the support of substantial evidence as it relies on a material mischaracterization of the record in this regard." Id. at 9-10.

Plaintiff next argues that an additional "unaddressed inconsistency arises on this record." Id. at 11. Plaintiff asserts that he "stated that the only time he sat down was when he drove[]" and, therefore, if he "spent a combined two to 2.5 hours standing and walking, and spent the rest of the time driving, that means he was driving 5.5 to six hours a day." Id. (citing Tr. 848-49). Plaintiff argues that "[d]riving requires use of the upper extremities[]" but "[t]he ALJ's RFC limits [Plaintiff] to occasional handling, fingering and gripping bilaterally." Id. (citing Tr. 809). Plaintiff notes that "[o]ccasional means occurring very little to up to one-third of the time" and asserts that if the ALJ's RFC finding states that he "could only handle, finger, and grip for up to one-third of the workday, he could not reasonably be expected to drive for 5.5 to six hours of an eight-hour day then perform his work duties, as the ALJ's decision appears to suggest." Id. (citing Social Security Ruling ("SSR") 83-10).

Plaintiff asserts that "[t]he ALJ's conclusion is inconsistent with [Plaintiff's] description of his [PRW] from his 2013 work history report, which the ALJ appears to have given weight to[]" and "[t]he ALJ's reliance on its mischaracterization of [Plaintiff's] hearing testimony leaves a gap in the record with regards to the handling, fingering, and gripping required if [Plaintiff] was driving for most of the day as the ALJ suggests." Id. (citing Tr. 203-09).

### 2.    Defendant's Response

Defendant responds that "[t]he ALJ's findings met the highly deferential standard applicable in reviewing Social Security decisions" that, Defendant argues, "is a very low threshold." Id. at 14.

In support of this argument, Defendant first asserts that "Plaintiff's descriptions of how he performed his [PRW] support the ALJ's reasonable and legally sufficient findings." Id. at 15. Defendant argues that "[i]t is not uncommon for an individual to simplify information when answering the same questions, repeatedly, on multiple forms; or for an individual to conflate activities performed

8

from one job to another, after a laps[e] of some time" but that "it is Plaintiff's responsibility and obligation to provide the agency with reasonably accurate descriptions of his past work, as he is the most reliable source of this information." Id. at 17 (citing SSR 82-62).  Defendant adds that "[t]he record does not support Plaintiff's contention that the hours recorded on his 2013 submission were intended as a literal statement about the amount of time he stood, walked, or sat on the job[]" and that "Plaintiff's oral testimony clarified that he stood and walked for a total of two hours in an average day."  Id. at 20.

Next, Defendant argues that "[t]he ALJ reasonably relied on the opinion of a [VE] who reviewed the record and heard Plaintiff's extensive testimony."  Id. Defendant adds that "[t]he ALJ's citation to the [VE's] testimony served to meet the substantial evidence standard[]" and, therefore, the "Court should affirm."  Id. at 22.

Finally, Defendant argues that "[a]dditional evidence in the longitudinal record supports the ALJ's finding that Plaintiff was capable of performing his past work."  Id.  Defendant points to evidence that Plaintiff "stopped working due to a business-related layoff rather than because of the allegedly disabling impairments[,]" evidence of Plaintiff's activities of daily living ("ADLs"), and a purported "lack of evidence of treatment, surrounding the time of the alleged onset date."  Id. at 22-23 (citations and internal quotation marks omitted).

### 3.    ALJ's Consideration Of Plaintiff's PRW

In reviewing Plaintiff's PRW at step four, the ALJ noted that Plaintiff "testified that in his prior jobs, his day-to-day activities included seeing customers, making appointments, carrying products weighing 5 pounds, and demonstrating products on printing presses.  Tr. 816.  The ALJ added that Plaintiff "said he mostly sat throughout the day because he had to drive around a lot to see customers, and that he would stand and walk for a total of 2 to 2.5 hours (not at once)."  Id.  The ALJ observed that "[i]n response to questioning by [Plaintiff's]

representative, the [VE] stated that even if [Plaintiff] performed outside duties that required him to drive and see customers outside of his usual workstation, the [RFC] . . . would not preclude such duties." Tr. 816-17.  The ALJ noted that "[b]ased on [Plaintiff's] documented vocational background and [Plaintiff's] testimony at the current hearing, the [VE] indicated [Plaintiff] worked within the last 15 years as a sales representative, printing supplies, DOT 274.357-062 . . . ." Tr. 817.

The ALJ added that "[i]n a prior work history report dated May 21, 2013, [Plaintiff] set forth in detail his job duties and related physical requirements for each job he held over the years in six different companies, even though these jobs were in the same industry." Id. (citing Tr. 203-10).  The ALJ found "that the [VE] reasonably relied on the more detailed work history report previously submitted in 2013 in categorizing [Plaintiff's] past work." Id.

The ALJ next observed that "[h]aving been asked to assume a person with the same age, education, and work experience as [Plaintiff], and a [RFC] determined herein, the [VE] testified that such an individual would be able to perform the above-referenced [PRW] as actually performed by [Plaintiff]." Id. The ALJ found that "[t]he testimony of the [VE] is consistent with the DOT, except it is noted that the use of a cane is an issue not addressed in the DOT." Id. The ALJ noted that "[i]n that regard, . . . the [VE's] testimony was based on his training, education, and experience in the field of vocational rehabilitation, and the [ALJ] accept[ed] it accordingly." Id.  The ALJ concluded that "[i]n comparing [Plaintiff's] [RFC] with the physical and mental demands of [Plaintiff's] [PRW], the [ALJ] has determined [Plaintiff] is able to perform his [PRW] as actually performed by [Plaintiff], but not as actually performed by [Plaintiff]." Id. (inconsistency between finding that Plaintiff can and cannot perform his PRW as actually performed in original).

/ / /

### 4.    Evidence Of Plaintiff's PRW Cited By ALJ

As noted above, the ALJ found that the VE reasonably relied on Plaintiff's 2013 work history report in categorizing Plaintiff's PRW.  Tr. 817.  Thus, the Court discusses Plaintiff's statements from the 2013 work history report, the VE's consideration of this report, and the relevant testimony from the administrative hearing transcript below.

In the 2013 work history report cited by the ALJ, Plaintiff indicated, in pertinent part, that in each of the jobs Plaintiff performed during the relevant time period, he stood for 2.5 hours, walked for 2.5 hours, and sat for 2.5 hours "but not at one time" in response to questions asking "how many total hours each day did you" walk, stand, and sit.  Tr. 204-08.

At the administrative hearing, Plaintiff's counsel ("Counsel") asked Plaintiff to clarify how much time Plaintiff spent standing, walking, and sitting in his relevant PRW.  See Tr. 847-48.  Specifically, Counsel stated that "the way you described this job was sales, outside and inside, and customer service.  You also mentioned that you walked for about two and a half hours, stood for two and a half hours, [and] sat for two and a half hours" to which Plaintiff responded "[w]ell that was total from driving around to customers."  Id.

The ALJ then reexamined Plaintiff and asked "[o]kay.  But the standing and walking was a total—for standing and walking was a total of about two and a half hours" to which Plaintiff responded "[t]wo hours, yeah" to which the ALJ replied "[t]wo hours? Okay."  Tr. 849.

Counsel, however, also reexamined Plaintiff again and the following exchange transpired:

> Counsel: "The standing in the hypothetical was up to two hours.
> Standing—"  Tr. 851 (sentence stopped in original).
> ALJ: "Standing and walking two hours out of eight each."  Id.
> Counsel: "Two hours out of eight each.  And the job descriptions for
> each it looks like it was about two and a half hours each."  Id.
> ALJ: "Because he combined standing and walking."  Id.

Counsel: "It says not at once is the way—just given that—" id. (sentence stopped in original).

ALJ: "And he just testified that he stood for about two hours out of an eight hour day, correct?"  Id.

Plaintiff: "Yeah, but—" id. (sentence stopped in original).

ALJ: "Stand and walk."  Id.

Plaintiff: "—Different times."  Id.

ALJ: "Yeah."  Id.

Plaintiff: "Not two hours—" id. (sentence stopped in original).

ALJ: "Right, not all at once.  Right."  Id.

Plaintiff: "Not at once, I couldn't do that."  Tr. 852.

ALJ: "Right."  Id.

Counsel: "And does that information effect your testimony at all?"  Id.

VE: "Does not."  Id.

A bit later at the hearing, one last exchange occurred regarding Plaintiff's ability to stand and walk that included the following testimony:

Counsel: "Well the prior [VE] indicated that he could, I believe, not do past work.  I would assume that it was based on the standing and walking requirements because the limitation in the hypothetical was the two hours and it's documented that it's two and a half in the file here."  Tr. 852.

ALJ: "His testimony was two, but you're correct.  Okay."  Id.

Counsel: "And so if that were to be deemed precluded then he would grid out at the sedentary level based on his age."  Tr. 853.

ALJ: "Okay.  Thank you."  Id.

No further discussion of Plaintiff's ability to stand and walk occurred before the hearing concluded.

## 5.    ALJ's Decision Is Not Supported By Substantial Evidence

As an initial matter, the Court observes that the ALJ, confusingly, found that Plaintiff was both able and not able to perform his PRW as actually performed. See Tr. 817 (ALJ indicating that Plaintiff "is able to perform his [PRW] as actually performed by [Plaintiff], but not as actually performed by [Plaintiff]."). The ALJ, however observed in the decision that the VE opined that Plaintiff could perform his PRW as Plaintiff actually performed the work.  See id. (ALJ noting that "the [VE] testified that such an individual would be able to perform the above-

12

referenced [PRW] as actually performed by [Plaintiff].").  Consequently, it appears that the ALJ meant to find that Plaintiff could perform his PRW as he actually performed the work and that the ALJ's actual finding that Plaintiff could not perform his PRW as actually performed was a typo.  Because the Parties did not challenge this issue with the ALJ's finding, the Court moves to the merits of the ALJ's assumed finding—that Plaintiff could perform his PRW as he actually performed it—below.

Here, the ALJ's assumed step four finding that Plaintiff can perform is PRW as he actually performed it is not supported by substantial evidence in the record because the record strongly suggests that Plaintiff's PRW required Plaintiff to stand and walk for 2.5 hours each per day, whereas the ALJ's undisputed RFC finding limits Plaintiff to standing and walking only two hours each per day.

First, a review of Plaintiff's 2013 work history report demonstrates that Plaintiff indicated he stood for 2.5 hours, walked for 2.5 hours, and sat for 2.5 hours each in a regular eight-hour workday.  See Tr. 204-08.  This is strong evidence of how Plaintiff performed his relevant PRW because of the statement's temporal proximity to when Plaintiff performed the work and because the ALJ discussed the report's probative value in the decision.  Specifically, Plaintiff prepared the report in May 2013 about the work that he performed that ended in 2011.  See Tr. 203, 210.  Moreover, the ALJ found "that the [VE] reasonably relied on the more detailed work history report previously submitted in 2013 in categorizing [Plaintiff's] past work."  Tr. 817.

Second, Plaintiff's statements from the November 2018 administrative hearing transcript do little to undercut Plaintiff's statements from the 2013 report for the following reasons.

Initially, the Court observes the lack of temporal proximity from when Plaintiff made the statements at the hearing to when Plaintiff actually performed the work.  Specifically, the administrative hearing occurred at the end of 2018,

whereas, Plaintiff stopped working in 2011.  Thus, on balance, Plaintiff's statements from the 2013 report about details of work he performed up to 2011 were made from fresher recollections than his statements at the end of 2018, nearly seven years later.

Additionally, the Court observes that Plaintiff initially indicated that he stood and walked for 2.5 hours per day at the 2018 administrative hearing, that he only indicated once that he stood and sat for two hours each in response to a question from the ALJ, and that it appears from the transcript of the administrative hearing that Counsel and Plaintiff repeatedly tried to correct the record as to this point, but were repeatedly interrupted before they could do so.  See Tr. 847-49; 851-52.

For example, in the following excerpt from the administrative hearing transcript, Plaintiff and Counsel appear to have been interrupted by the ALJ four times when trying to correct the record about Plaintiff's standing and sitting requirements from his PRW before Plaintiff finally was able to communicate "[n]ot two hours—" at the end of the exchange, which also appears to have been interrupted.  Tr. 851.

> Counsel: "The standing in the hypothetical was up to two hours. Standing—" id. (sentence stopped in original).
> ALJ: "Standing and walking two hours out of eight each." Id.
> Counsel: "Two hours out of eight each.  And the job descriptions for each it looks like it was about two and a half hours each." Id.
> ALJ: "Because he combined standing and walking." Id.
> Counsel: "It says not at once is the way—just given that—" id. (sentence stopped in original).
> ALJ: "And he just testified that he stood for about two hours out of an eight hour day, correct?" Id.
> Plaintiff: "Yeah, but—" id. (sentence stopped in original).
> ALJ: "Stand and walk." Id.
> Plaintiff: "—Different times." Id.
> ALJ: "Yeah." Id.
> Plaintiff: "Not two hours—" id. (sentence stopped in original).

14

Thus, the record indicates that Plaintiff repeatedly attempted to correct the record and that Plaintiff successfully finally did so before being interrupted one final time. However, despite Plaintiff's final exchange stating that the standing and sitting requirements of his PRW was "[n]ot two hours[,]" the ALJ nevertheless later stated that Plaintiff's "testimony was two[]" hours per activity. Tr. 851, 852.

Consequently, on the record before the Court, there is strong evidence to suggest that Plaintiff sat and stood at his relevant PRW for two and a half hours each, rather than two hours each as the ALJ limited Plaintiff to doing in Plaintiff's RFC. This distinction is critical here not only because it appears that Plaintiff's RFC would not allow him to perform his PRW as the ALJ found at step four, but also because, as the final exchange between Counsel and the ALJ at the 2018 administrative hearing illustrates, Plaintiff might be precluded from working pursuant to the grids due to his age. See, e.g., Tr. 852-53:

> Counsel: "Well the prior [VE] indicated that he could, I believe, not do past work. I would assume that it was based on the standing and walking requirements because the limitation in the hypothetical was the two hours and it's documented that it's two and a half in the file here." Tr. 852.
> ALJ: "His testimony was two, but you're correct. Okay." Id.
> Counsel: "And so if that were to be deemed precluded then he would grid out at the sedentary level based on his age." Tr. 853.
> ALJ: "Okay. Thank you." Id.

Accordingly, the Court finds that the ALJ's failure to sufficiently resolve the aforementioned inconsistency about the amount of time Plaintiff spent standing and walking in his PRW leaves a gap in the record that prevents the Court from determining whether the ALJ's decision is supported by substantial evidence. Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) (citation omitted). As such, the Court finds that remand for further proceedings is necessary so that the ALJ may determine whether Plaintiff sat and stood for two hours or two and a half

hours each in his relevant PRW and, consequently, whether Plaintiff could perform his PRW at step four.

## IV.   CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  See Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (holding that under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.


DATED:  04/28/2021

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge